**Douglas WOLF, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.**

No. 97 C 5858.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 9, 1998.

Mark Joseph Heyrman, John A. Knight, Mandel Legal Aid Clinic, Chicago, IL, for Plaintiff.

Douglas Wolf, pro se.

Young B. Kim, Asst. U.S. Atty., U.S. Attorney's Office, Chicago, IL, for Shirley S Chater, Commissioner of Social Security Administration, Defendant.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Douglas Wolf has filed a complaint against defendant Kenneth S. Apfel, the Commissioner of the Social Security Administration ("SSA"),[1] seeking judicial review of a decision denying him Supplemental Security Income benefits ("SSI benefits"). Defendant's motion for voluntary remand is presently before the court.

### BACKGROUND

Plaintiff first applied for SSI benefits on October 30, 1990. His application was denied, both initially and on reconsideration. Plaintiff then appealed and requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was scheduled for February 4, 1992, but plaintiff's representatives[2] lost contact with him shortly before the hearing. On January 31, 1992, plaintiff's representatives sent the ALJ a letter explaining the situation and requesting that the hearing be postponed or that the case not be dismissed for 30 days. Plaintiff and his representatives claim that they never received notice of any decision regarding plaintiff's first application. Plaintiff claims his representatives were later told that the SSA considered his application abandoned.

Plaintiff contacted his representatives approximately one year later in February, 1993, after being released from jail. On February 16, 1993, plaintiff applied for SSI benefits for the second time. His application was denied. Once again, plaintiff appealed and requested

---

1. Originally, plaintiff named Shirley S. Chater, the former Commissioner of Social Security Administration, as the defendant. Apfel was substituted pursuant to Fed.R.Civ.P. 25(d)(1).

2. Plaintiff was, and is, represented by individuals at the Mandel Legal Aid Clinic at the University of Chicago Law School.

a hearing before an ALJ. On October 17, 1994, ALJ Thomas H. Ploss conducted a hearing on plaintiff's second application for benefits. Plaintiff has submitted an informal transcript of this hearing prepared by one of his representatives.[3] According to this transcript, Judge Ploss stated that he planned to find that plaintiff was disabled and entitled to benefits pursuant to his second application. Judge Ploss also stated that plaintiff's first application would be reopened and allowed on the same basis. In his decision on January 13, 1995, however, Judge Ploss found plaintiff disabled and entitled to benefits only as of February 16, 1993, the date of his second application. Judge Ploss did not reopen plaintiff's first application, stating that plaintiff's earlier application's request for a hearing had been dismissed for failure to appear at the hearing.

Plaintiff appealed Judge Ploss' decision. On January 5, 1996, the Appeals Council denied plaintiff's request for review. On March 25, 1996, however, the Appeals Council vacated its January 5, 1996, action and granted plaintiff's request for review. The Appeals Council found that the record showed that plaintiff had first applied for SSI benefits on October 30, 1990, and had requested a hearing on that application on August 8, 1991. The Appeals Council also found that plaintiff's first application for benefits was still open because the hearing office took no action on his request for a hearing. The Appeals Council acknowledged that Judge Ploss had stated that plaintiff's request for a hearing was dismissed for failure to appear, but noted that plaintiff's file did not contain any documentation showing that a dismissal was actually issued. In conclusion, the Appeals Council stated that it was "prepared to consolidate [plaintiff's] two applications ... and issue a decision finding that [plaintiff] has been disabled ... since October 30, 1990, the date of his prior application."

The Appeals Council issued its decision on June 16, 1997, after receiving a copy of an order, dated February 27, 1992, dismissing

plaintiff's request for a hearing on his first application for failure to appear. In its decision, the Appeals Council stated that a copy of the dismissal order was mailed to plaintiff and his representative, and that no request that the Appeals Council review the dismissal order was made. Thus, the Appeals Council found that "[plaintiff's] prior request for hearing was adjudicated, and the reconsideration determination ... remains the final and binding determination of the Commissioner with respect to [his] application of October 30, 1990." Because plaintiff's second application was filed more than two years after the initial determination on his first application, the Appeals Council found that "no basis exists to reopen the order of dismissal or to grant [plaintiff's] request for review." The Appeals Council, therefore, vacated its March 25, 1996, action, and reinstated its January 5, 1996, denial of plaintiff's request for review.

On August 19, 1997, plaintiff filed the instant action seeking review of the Commissioner's decision and claiming he was denied notice and an opportunity to be heard in violation of his right to due process under the Fifth Amendment to the United States Constitution.

## DISCUSSION

Plaintiff brings the instant action under Title II and Title XVI of the Social Security Act, specifically 42 U.S.C. §§ 405(g) and 1383(c)(3). Section 405(g), in part, provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced [in the district court of the United States] within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(g) also provides for the remand of such actions. Defendant has moved for the remand of the instant case pursuant to sentence six of 42 U.S.C. § 405(g), which

---

3. Plaintiff states that the transcript was made using a cassette from the Office of Hearings and Appeals of the SSA.

states that this court "may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security...." Defendant argues that the case should be voluntarily remanded because the Appeals Council has determined, upon further consideration after preparing the administrative record and the answer to plaintiff's complaint, that "further administrative action would be appropriate in this action." Defendant claims that, upon remand, the Appeals Council will send plaintiff's case to an ALJ who will provide plaintiff with the opportunity for a hearing and then decide whether plaintiff's first application for benefits should be reopened.[4]

This court may remand the instant case because the Commissioner has moved for a remand before answering plaintiff's complaint and has shown good cause for doing so. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 n. 2, 111 S.Ct. 2157, 2164 n. 2, 115 L.Ed.2d 78 (1991). The "good cause" shown is the fact that the Commissioner has not considered plaintiff's evidence that neither he nor his representatives received notice of the ALJ's dismissal of plaintiff's request for a hearing on his first application for SSI benefits.

Plaintiff does not oppose remand. He does, however, argue the case should not be remanded on the issue of whether his first application should be reopened. Plaintiff argues that the issue of reopening his first application is irrelevant because his failure to receive notice of the application's dismissal constitutes "good cause" for missing the deadline to request review under 20 C.F.R. § 416.1411(b)(7), thereby precluding any final decision on the application. Plaintiff argues that the appropriate issue on remand is in-

stead whether he is entitled to SSI benefits from the date of his first application.

Plaintiff's argument is incorrect. Plaintiff does not dispute the finding of the Appeals Council that an order was entered on February 27, 1992, dismissing plaintiff's request for a hearing on his first application for failure to appear. He does not dispute the finding that a copy of the dismissal order was mailed to plaintiff and his representative. Nor does he dispute the finding that no request for review by the Appeals Council was made. Under 20 C.F.R. § 416.1487, a claimant who is "dissatisfied with a determination or decision made in the administrative review process, but do[es] not request further review within the stated time period ... lose[s] [his] right to further review and that determination or decision becomes final."[5] The fact that he and his representatives may not have received notice of the dismissal does not render the dismissal invalid, even if the lack of notice justifies the reopening of the application under 20 C.F.R. §§ 416.1487 and 416.1488. On the contrary, "[t]he dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council." 20 C.F.R. § 416.1459. The dismissal of plaintiff's request for a hearing on his first application was, therefore, a final determination.[6] Since there was a final decision, the ALJ cannot, as plaintiff suggests, determine whether plaintiff is entitled to benefits under his first application before deciding whether to reopen the application in the first place. If the ALJ decides to reopen plaintiff's application, he or she may then reach the issue of whether plaintiff is entitled to benefits from the date of his first application.

### CONCLUSION

Defendant's motion to remand is granted. Pursuant to sentence six of 42 U.S.C.

---

4. Remanding the case to the Commissioner is one of the forms of alternative relief requested by plaintiff in his complaint. *See* Compl. at ¶ 18(d).

5. The "determination" in a case is "the initial determination or the reconsidered determination." 20 C.F.R. § 416.1401. The "decision" in a case is "the decision made by an administrative law judge or the Appeals Council." *Id.*

6. In addition, if the court were to accept plaintiff's argument that there was no final determination on his first application, then jurisdiction would appear to be lacking since only final decisions may be reviewed by this court under 42 U.S.C. §§ 405(g) and 1383(c)(3).

§ 405(g), this case is hereby remanded to the Commissioner of Social Security for further action consistent with this opinion. The status set for January 21, 1998, is stricken.